IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JEFFREY R. TAYLOR**,

    Plaintiff,

v.

**CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration**[1],

    Defendant.

3:12-cv-00583 RE

**OPINION AND ORDER**

**REDDEN**, Judge:

Plaintiff Jeffrey R. Taylor ("Taylor") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

his claim for disability insurance ("DIB") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

## BACKGROUND

Taylor filed his applications for DIB and SSI on October 21, 2008, alleging disability since March 1, 2008, due to depression and anxiety disorder Tr. 97. Taylor was 52 years old on June 30, 2009, the date his insured status expired. His application was denied initially and upon reconsideration. A hearing was held in May 2009. Tr. 44-94. The Administrative Law Judge ("ALJ") found him not disabled. Taylor's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Taylor had the medically determinable severe impairments of degenerative disc disease, obesity, anxiety, and a mood disorder. Tr. 29.

The ALJ found that Taylor's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 30.

The ALJ determined that Taylor retained the residual functional capacity ("RFC") to perform a range of medium work lifting 50 pounds occasionally and 25 pounds frequently, limited to simple, routine, repetitive work, as well as some more complex tasks not requiring frequent, on-going decision-making. Tr. 32.

The ALJ found Taylor could not perform his past relevant work. Tr. 37.

The ALJ found there was other work existing in significant numbers in the national economy that Taylor could perform. *Id.* Accordingly, the ALJ found Taylor not disabled.

## DISCUSSION

Taylor contends that the ALJ erred by (1) rejecting the opinion of his treating physician; (2) rejecting lay testimony; (3) improperly assessing his residual functional capacity ("RFC"); (4) finding he has skills transferable to other work; and (5) failing to identify other work that Taylor can do.

### I. Substantial Gainful Activity

The Commissioner argues that because the ALJ found Taylor engaged in substantial gainful activity ("SGA") after his alleged onset date of March 1, 2008, Taylor has not met his burden of showing that he was unable to engage in SGA for at least 12 months. The ALJ found Taylor earned about $6,000 in 2008 and $22,358 in 2009. Tr. 28.

"Disability means, in relevant part, an "inability to engage in any [SGA]." 42 U.S.C. §§ 423(d), 1382c(a)(3). At step one, "the agency will find non-disability unless the claimant shows that he is not working at a '[SGA].'"

Taylor testified that he worked part-time as an employee for Pacific Mortgage Corporation in 2009. Tr. 51-55. The evidence indicates that Taylor worked through September 2009. The ALJ's decision was issued in August 2010. The ALJ's determination that Taylor engaged in SGA after his onset date is supported by substantial evidence. However, because the ALJ continued the analysis the other assertions of error will be addressed.

### II. Medical Evidence

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician.

3 - OPINION AND ORDER

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

### A. Michelle Hall, M.D.

Dr. Hall first examined Taylor in February 2009. Tr. 310-11. She noted Taylor reported a long history of depression and anxiety, which he described as "lightheadedness." Tr. 310. Taylor reported extensive cardiac and neurologic testing, with negative results. Taylor was on Effexor and Xanax and reported his "symptoms are reasonably well-controlled." *Id.* Dr. Hall continued the medications.

Dr. Hall examined Taylor in November 2009. Tr. 338-40. Taylor reported anxiety with chills and sweats, and a throbbing in the head with dizziness. Tr. 339. Dr. Hall noted that her "workup" for Taylor's dizziness was "negative." Tr. 338. His affect was flat. Dr. Hall increased the Effexor.

Dr. Hall completed a form prepared by counsel on May 19, 2010. Tr. 315-19. Dr. Hall opined that Taylor's impairments included dizziness, major depression, anxiety, agoraphobia, and basal cell carcinoma. Tr. 315. She stated that Taylor had two to four episodes of dizziness daily, after each of which he has to lie down and rest for 30 to 120 minutes. *Id.* Dr. Hall said Taylor could frequently lift and/or carry ten pounds, that he can stand and/or walk for one to two

hours at one time, he can stand for three hours in an 8 hour day, and that he can sit for three hours in an 8 hour day.

The ALJ assigned little weight to Dr. Hall's opinion. Tr. 35. The ALJ found Dr. Hall's opinion was inconsistent with Taylor's daily activities. Tr. 35. Dr. Hall stated that Taylor's ability to perform daily activities was limited, but Taylor cared for himself without assistance, prepared simple meals, performed chores, walked, drove, and occasionally played tennis and attended church. Tr. 319,34, 63-66, 217-18. Dr. Hall stated that Taylor's ability to concentrate and persist was limited. Tr. 318. However, as the ALJ noted, Taylor managed his finances, used a computer, worked part time and engaged in SGA, all activities that require concentration and persistence. Tr. 34, 53-54, 65-66, 215-16, 279.

The ALJ properly found Dr. Hall's opinion based largely on Taylor's subjective complaints, which are not credible. Tr. 35. This is an appropriate consideration. *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

On this record, the ALJ identified clear and convincing reasons to assign little weight to Dr. Hall's opinion.

## III. The RFC Assessment

The ALJ found Taylor has the RFC to perform medium exertional work and "he is capable of performing simple, routine repetitive work, as well as some more complex tasks not requiring frequent, on-going decision-making. Furthermore, the claimant can interact well with co-workers and the general public." Tr. 32. As noted, the ALJ properly found Taylor not fully credible.

The ALJ partially credited the opinions of Donna C. Wicher, Ph.D., Dorothy Anderson, Ph.D., and Joshua J. Boyd, Psy. D. Tr. 34-36, 277-81, 288-304, 313.

## A. Donna C. Wicher, Ph.D.

Dr. Wicher conducted a comprehensive psychodiagnostic evaluation of Taylor in January 2008. Tr. 277-80. She concluded:

> Mr. Taylor's mild deficits in his ability to perform activities of daily living, mild to moderate deficits in social functioning, and mild deficits in concentration, persistence, and pace represent the only psychological barriers to returning him to full-time, sustained employment. These difficulties alone would not necessarily preclude working and, indeed, he is actively seeking employment at the present time.

Tr. 280.

The ALJ found that Dr. Wicher did not explain why "mild" limitations would prevent full-time employment. Tr. 34. In addition, the ALJ noted that Taylor did not tell Dr. Wicher that he was actually working part-time, so that Dr. Wicher had an inaccurate portrait of Taylor's daily activities. Tr. 34. The ALJ identified specific and legitimate reasons to assign partial weight to Dr. Wicher's opinion.

## B. Dorothy Anderson, Ph.D., and Joshua J. Boyd, Psy.D.

Dr. Anderson reviewed Taylor's medical records in January 2009. Tr. 288-300. She found Taylor had mild restrictions of activities of daily living and in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence and pace. Tr. 298. Dr. Anderson opined that Taylor had no social limitations, but could not remember and understand "all complex routines" and "cannot maintain focus on highly complex tasks requiring ongoing decision making." Tr. 304. Dr. Boyd agreed. Tr. 313.

6 - OPINION AND ORDER

The ALJ noted both opinions, and found them "fairly consistent with the clinical record," but found their opinions that Taylor's attention and concentration were moderately limited was inconsistent with Taylor's SGA, job search, and other activities "that require concentration, persistence and pace." Tr. 36.

The ALJ's RFC assessment is supported by substantial evidence.

## IV. Lay Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. § 404.1513(d); 404.1545(a)(3); 416.945(a)(3); 416.913(d); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, inconsistency with the medical evidence may constitute a germane reason. *Lewis*, 236 F.3d at 512. The ALJ may also reject lay testimony predicated upon the testimony of a claimant properly found not credible. *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

Taylor contends that the ALJ improperly failed to discuss the lay witness testimony of his wife, Daniela Taylor. Tr. 192-99. Ms. Taylor's functional report is nearly identical to her husband's functional report. Tr. 213-20. The ALJ failed to discuss Ms. Taylor's report. However, any error in failing to discuss Ms. Taylor's opinion is harmless because she does not describe "any limitations beyond those [Plaintiff] described, which the ALJ discussed at length

and rejected based on well-supported, clear and convincing reasons. *Molina v. Astrue,* 674 F.3d 1104, 1122 (9th Cir. 2012).

**V. Step Five**

At Step Five the ALJ identified one skilled job (mortgage clerk) and one semi-skilled job, information clerk. Tr. 38. Taylor argues that these jobs are identified in the Dictionary of Occupational Titles[2] ("DOT") as requiring a General Educational Development ("GED") level of four, which requires the ability to complete "highly complex" tasks and "ongoing decision making" that are beyond his RFC.

Appendix C of the DOT defines "04 Level Reasoning Development" as follows:

> Apply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form. (Examples of rational systems include: bookkeeping, internal combustion engines, electric wiring systems, house building, farm management, and navigation.

An ALJ may rely on a VE's testimony regarding the requirements of a particular job after inquiring whether the testimony conflicts with the DOT. *Massachi v. Astrue,* 486 F.3d 1149, 1152 (9th Cir. 2007). The VE testified that her testimony was consistent with the DOT. Tr. 81-82. The ALJ presented the VE with a hypothetical individual with the same vocational factors as Taylor and who was "able to deal with simple and detailed task[s], but not all complex tasks, such as highly complex ones requiring ongoing decision making." Tr. 82. The ALJ specified that "ongoing" meant "frequent." Tr. 82. The VE testified the hypothetical individual had transferrable skills and the RFC to perform work as "an informal clerk type position" (DOT #

---

[2] U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991).

8 - OPINION AND ORDER

237.367-022) and as a mortgage clerk (DOT # 216.362-026). Tr. 82-84. Based on the VE's testimony, the ALJ found that Taylor has the RFC to perform other work that exists in significant numbers. Tr. 37-38.

Taylor argues that the identified positions require semi-skilled work that is beyond his RFC. "Semi-skilled work" is "work that needs some skills [beyond what is necessary to perform simple dutis] but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). "[S]emi-skilled work corresponds to an SVP of 3-4." S.S.R. 00-4p. The information clerk position is SVP 4. The ALJ's determination that Taylor retained the transferable skills and RFC to perform other work is supported by substantial evidence.

## CONCLUSION

For these reasons, the ALJ's decision that Taylor is not disabled is based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this 31 day of May, 2013.

_____
JAMES A. REDDEN
United States District Judge

9 - OPINION AND ORDER

10 - OPINION AND ORDER